UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| VALENCIA MANAGEMENT LLC SERIES 4, | Case No.: 2:22-cv-00345-APG-DJA |
|---|---|
| Plaintiff | **Order (1) Granting Defendant's Motion for Judgment on the Pleadings and (2) Setting Deadline to File Amended Complaint** |
| v. | |
| NEWREZ LLC and NATIONAL DEFAULT SERVICING CORPORATION, | [ECF No. 26] |
| Defendants | |

Plaintiff Valencia Management LLC Series 4 sues to prevent foreclosure on its property located at 10784 Teton Village Court in Henderson, Nevada. Defendant NewRez LLC is the current beneficiary of record for the deed of trust that encumbers Valencia's property. NewRez initiated foreclosure under the deed of trust. In response, Valencia filed suit in state court. NewRez removed the action to this court.

NewRez moves for judgment on the pleadings on each of Valencia's claims for quiet title/declaratory relief, slander of title, fraud, injunctive relief, and wrongful foreclosure. Valencia opposes and requests leave to amend if necessary. The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant NewRez's motion for judgment on the pleadings, with leave for Valencia to amend to assert a claim for violation of Nevada Revised Statutes (NRS) § 107.200 et seq.

**I. ANALYSIS**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations

in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

**A. Quiet Title/Declaratory Relief**

Count one of the complaint seeks declaratory relief and to quiet title based on Valencia's allegations that the deed of trust was extinguished by operation of law. ECF No. 1-1 at 6-7. NewRez argues that this claim fails because the deed of trust was not extinguished by operation of NRS § 106.240, as the 2010 notice of default was timely rescinded. NewRez alternatively argues that the ten-year clock under NRS § 106.240 should be tolled for various reasons. Valencia responds that the loan was accelerated by an unrecorded letter that the 2011 rescission did not affect. It also contends no tolling should apply because NRS § 106.240 is a statute of repose. Finally, Valencia contends that its quiet title/declaratory relief claim is also based on NewRez's failure to comply with NRS § 107.200 et seq.

          1. NRS § 106.240

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Here, the 2010 notice of default was rescinded in 2011. ECF Nos. 26-2; 26-3. The Supreme Court of Nevada has confirmed that a rescission like the one in this case decelerates the

loan for purposes of § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 197-98 (Nev. 2022). Because the 2010 notice of default was rescinded in 2011, the 10-year period in NRS § 106.240 has not run.

Valencia contends that it is basing its claim on a prior, unrecorded acceleration. But the Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). Additionally, the 2011 rescission decelerated the same debt that would have been the subject of any unrecorded communication the lender sent the borrower prior to the 2010 notice of default. Valencia's claim based on NRS § 106.240 therefore fails as a matter of law and I grant NewRez's motion for judgment on the pleadings for this claim. I deny leave to amend this claim because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

2. <u>NRS § 107.200 et seq.</u>

Valencia argues that its quiet title/declaratory relief claim is also based on NewRez's alleged violation of NRS § 107.200 et seq. But that is not how it is pleaded. *See* ECF No. 1-1 at 6-7. As discussed below in relation to the wrongful foreclosure claim, I grant Valencia leave to amend to assert a claim under NRS § 107.200 et seq. because it is not clear that amendment would be futile. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) (stating that "a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile").

/ / / /

3

### B. Slander of Title

Count two of the complaint asserts a slander of title claim based on NewRez recording a notice of default in 2021 and a notice of sale in 2022. ECF No. 1-1 at 7. Valencia alleges these recorded documents falsely represented that NewRez could foreclose because the deed of trust was previously extinguished by operation of law. *Id.* at 7-8.

NewRez argues the slander of title claim is not pleaded with specificity. NewRez also contends that Valencia cannot plausibly allege that NewRez maliciously made a false statement concerning Valencia's title because prior litigation established that the deed of trust continued to encumber the property, and the deed of trust was not extinguished by operation of NRS § 106.240. Valencia responds that it has plausibly alleged that the deed of trust was extinguished, so it has alleged a false statement. Valencia contends it has adequately alleged that NewRez knew or should have known that the deed of trust was extinguished, so it has adequately alleged malice.

To state a slander of title claim, Valencia must plausibly allege that NewRez made a false statement, that NewRez did so maliciously, and that Valencia sustained special damage as a result. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). Even taking Valencia's allegations as true, it has not plausibly alleged that NewRez made a false statement because the deed of trust was not extinguished by operation of NRS § 106.240. I therefore grant NewRez's motion for judgment on the pleadings on this claim. I deny leave to amend because it would be futile for the same reasons that Valencia's quiet title/declaratory relief claim based on NRS § 106.240 is futile.

### C. Fraud/Misrepresentation

Count three of the complaint asserts a claim for fraud based on NewRez recording the 2021 notice of default and 2022 notice of sale despite allegedly knowing that the deed of trust

had been extinguished. ECF No. 1-1 at 8-9.  NewRez argues that it has not made any misrepresentations about the property because prior litigation confirmed the deed of trust still encumbers the property and the deed of trust was not extinguished by operation of NRS § 106.240.

Valencia did not respond to this portion of NewRez's motion.  I therefore grant NewRez's motion for judgment on the pleadings for this claim as unopposed. LR 7-2(d).  I deny leave to amend because it would be futile for the same reasons that Valencia's quiet title/declaratory relief claim based on NRS § 106.240 is futile.

### D.  Injunctive Relief

Count four of the complaint requests injunctive relief to stop the foreclosure sale under the deed of trust. ECF No. 1-1 at 9.  NewRez contends that injunctive relief is a remedy, not a separate claim.  Valencia does not specifically respond to this argument, instead contending that injunctive relief may be appropriate in support of its wrongful foreclosure claim.

Injunctive relief "is a remedy, not a separate claim." *RH Kids, LLC v. Nat'l Default Servicing Corp.*, No. 2:22-cv-00954-APG-NJK, 2022 WL 2316850, at *2 (D. Nev. June 28, 2022).  I therefore grant NewRez's motion for judgment on the pleadings to the extent that the complaint sets forth injunctive relief as a separate claim.

### E.  Wrongful Foreclosure

Count five of the complaint asserts a claim for wrongful foreclosure based on the same NRS § 106.240 arguments. ECF No. 1-1 at 10.  Additionally, this claim asserts that NewRez failed to comply with NRS § 107.200 et seq. because it did not respond to Valencia's request for information. *Id.*

/ / / /

NewRez argues that this claim is not ripe because the complaint does not allege that a foreclosure sale has taken place.  Additionally, NewRez contends that there is nothing wrongful about the foreclosure.  NewRez further asserts that even if it violated NRS § 107.200, that does not undermine NewRez's authority to foreclose, so Valencia cannot base a wrongful foreclosure claim on these allegations.  Finally, NewRez argues that Valencia cannot assert a wrongful foreclosure claim without tendering the amount due on the secured indebtedness.

Valencia responds that it has adequately alleged wrongful foreclosure because the deed of trust was extinguished and because NewRez did not respond to Valencia's request for information under NRS § 107.200 et seq.  Valencia contends that this claim is ripe because NewRez exercised the power of sale when it recorded the 2021 notice of default.

To state a claim for wrongful foreclosure, Valencia must plausibly allege that "at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  "Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Id.*  "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Fam., L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013), *abrogated on other grounds by Saticoy Bay, LLC, Series 9720 Hitching Rail v. Peccole Ranch Cmty. Ass'n*, 495 P.3d 492, 497-99 (Nev. 2021).

Valencia has not plausibly alleged that the loan that the deed of trust secures was not in default.  For the reasons already explained, the deed of trust was not extinguished by operation of NRS § 106.240.  Additionally, Valencia does not plausibly allege that NewRez's failure to

6

respond to its request for information under NRS § 107.200 et seq. deprived NewRez of the authority to foreclose. By the statutory terms, the remedy for a violation of NRS § 107.200 is $300 plus actual damages. *See* NRS § 107.300(1). Valencia cites no authority for the proposition that a violation of the statute deprives the secured party of the authority to foreclose or that Valencia may pursue a wrongful foreclosure claim to enforce this statute that provides its own remedies. I therefore grant NewRez's motion for judgment on the pleadings for this claim.

However, I grant Valencia leave to amend to assert a claim under NRS § 107.300 because it is not clear that amendment would be futile. Valencia alleges that it requested documents under NRS § 107.200 but that NewRez willfully failed to timely respond as required. ECF No. 1-1 at 10.

## II. CONCLUSION

I THEREFORE ORDER that defendant NewRez LLC's motion for judgment on the pleadings **(ECF No. 26) is GRANTED**.

I FURTHER ORDER that plaintiff Valencia Management LLC Series 4 may file an amended complaint consistent with this order if facts exist to do so. Failure to file an amended complaint by October 28, 2022 will result in dismissal of the original complaint with prejudice.

DATED this 14th day of October, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE